ARNOTO, APPELLANT, *v.* BOARD OF REVIEW, OHIO BUREAU OF EMPLOYMENT SERVICES ET AL., APPELLEES.

(No. 83 CA 149—Decided September 25, 1984.)

*Pat B. Rosenthal,* for appellant.

*James M. McNally,* for appellee OBES.

*Christopher J. Newman,* for appellee Easco Aluminum Corp.

Cox, J. This is a properly perfected appeal arising from a denial of unemployment benefits based on an R.C. 4141.29(D)(2)(a) discharge for just cause.

Appellant, Paul D. Arnoto, worked for Easco Aluminum Corporation from September 27, 1978 to January 19, 1982 as a packer. In May 1981, appellant was suspended for three days when, among other things, he returned late from lunch. At the time, appellant was advised that his next offense would result in five days off with discharge. In August 1981, appellant was discharged by Easco for refusing a direct order from a supervisor but was reinstated on September 28, 1981.

Appellant was working the 3:30 p.m. to midnight shift on January 19, 1982. He took his lunch at 8:30 p.m. and returned to work at 9:10 p.m., ten minutes late. Appellant was drunk when he came back to work after having gone to a bar on his lunch break. Appellant was discharged because of his prior work record and because on the date in question he violated two company rules: returning to work late from lunch and reporting for work while obviously under the influence of alcohol. Appellant was aware of these rules before January 19, 1982.

The Administrator of the Ohio Bureau of Employment Services (hereinafter "OBES") issued a determination of benefits mailed March 25, 1982, ruling that appellant was disallowed unemployment compensation benefits on the ground that he was discharged for just cause. This was affirmed in an administrator's reconsideration decision mailed May 5, 1982. After an administrative hearing on an appeal on June 2, 1982 to the board of review, OBES, a referee of the board affirmed the decision on reconsideration. The board of review denied an application to institute further appeal. From this latter decision of the board, a timely appeal was lodged with the Court of Common Pleas of Mahoning County pursuant to R.C. 4141.28(O). The court affirmed the decision of the board and this appeal followed.

Appellant's two assignments of error are related and will be considered together. They are as follows:

"1. The court erred in not remanding or finding that the decision of the Board of Review was unlawful and against the manifest weight of the

evidence in holding that appellee was discharged for just cause because he 'violated two of his employer's policies,' failed to consider the Bureau's own Ohio Claims Handbook, nonmonetary policy guide requirement that disqualification of benefits is conditioned on actions by the employee indicating negligence or a willful disregard of the company rules.

"2. The court erred in not remanding or finding that the decision of the Board of Review was unlawful and against the manifest weight of the evidence, and breached the statutory mandate of liberal construction in that it failed to consider that the undisputed record is that appellee suffers from a disease known as 'chronic alcoholism' which may have caused his infraction of company rules to be involuntary." .

R.C. 4141.29(D)(2)(a) is pertinent and reads as follows:

"Notwithstanding division (A) of this section, no individual may * * * be paid benefits under the following conditions:

"* * *

"(2) For the duration of his unemployment if the administrator finds that:

"(a) He * * * has been discharged for just cause in connection with his work * * *."

In a brief filed in behalf of OBES, it is pointed out that intoxication has been held to constitute "just cause" for ·dismissal, but appellant raises an important and distinctly different question in his brief. That being: when a company has a rule forbidding reporting to work in an "obviously intoxicated" state, does the employer have "just cause" for termination based on an infraction of that rule in the presence of unrefuted expert testimony that the employee is a chronic alcoholic?

The employer in this case claims that it had no knowledge of appellant's drinking problem. Further, it argues that not even appellant was aware he was an alcoholic at the time of his discharge; that all evidence of alleged alcoholism arose subsequent to the discharge.

It is not disputed by any of the parties that alcoholism is a disease that compels its victim to drink to his own destruction. But the employer dismisses appellant's lack of volition argument by stating that appellant was discharged for returning to work late and drunk, not for alcoholism. Appellee OBES argues that the employer did nothing to cause claimant's drinking on January 19, 1982, and, therefore, should not bear responsibility for his acts. There is no medical evidence to substantiate the fact that appellant was without fault or control.

The hearing officer, in his findings of fact and conclusions of law, omits any reference to appellant's claim of alcoholism or appellant's exhibits from his doctor and a social worker establishing his condition.

As mandated by R.C. 4141.28(O) the common pleas court acts as a reviewing court and must evaluate the board's decision as follows:

"* * * If the court finds that the decision was unlawful, unreasonable, or against the manifest weight of the evidence, it shall reverse and vacate such decision or it may modify such decision and enter final judgment in accordance with said modification; otherwise such court shall affirm such decision."

Although the common pleas court's scope of review is limited and clearly not a trial *de novo*, we find that the lower court should have reversed the decision of the board and remanded for a determination as to whether appellant's alcoholism was not the reason he allegedly broke the two company rules referred to earlier. Although this type of proceeding is not a criminal prosecution, giving appellant the right to have his intent determined beyond a reasonable doubt, appellant at least deserves to

have a determination of his volition in light of the evidence introduced that a disease may have affected his conduct.

In arriving at this decision we are not ruling that the employer cannot discharge under these circumstances. If the defense of alcoholism is raised and evidence presented at the hearing level, then the hearing officer must give consideration to this evidence in finding whether or not the claimant was entitled to benefits.

The judgment of the trial court is reversed and the cause is remanded for further proceedings not inconsistent with this court's opinion.

*Judgment reversed and cause remanded.*

DONOFRIO, J., concurs.

O'NEILL, P.J., dissents.

O'NEILL, P.J., dissenting. I dissent. The majority opinion points out that there is "no medical evidence to substantiate the fact that appellant was without fault or control." In spite of this finding, the majority remands the case so that appellant can have a second chance. The majority would have the appellee OBES determine appellant's case. Such a procedure is contrary to law.

This case does not deal with alcoholism. It deals with intoxication. There was no evidence that appellant's intoxication or alcoholism was so extreme as to suspend his reasoning. It is unfair to harness employers with the liabilities of employing drunks or the cost of affording compensation to persons who cannot work because of alcoholism. The only cure for alcoholism is within the alcoholic. When he makes up his mind to stop, the cure starts. It follows, then, that he has the control. If he chooses not to exercise the control, others should not be burdened. I would affirm.

(No. 83 CA 149—Decided January 29, 1985.)

ON RECONSIDERATION

Cox, J. Appellee Easco Aluminum Corporation has filed an application for reconsideration of the judgment and opinion entered by this court on September 25, 1984, and additionally has asked that oral argument be had on this application.

The appellee states in its brief in support of his application:

"Furthermore, this reviewing court reversed the judgment of the lower court by inventing a proposition of law which is not only inapposite to well established statutory and case law in Ohio unemployment compensation cases, but is also without any support in Ohio law or procedure. Additionally, the ramifications of the Court's unwarranted determination will undoubtedly be widespread and result in a disasterous impact on the already crowded dockets of local unemployment compensation offices, the Board of Review, and, ultimately the Courts."

The appellee has read into this decision and opinion a great deal more than the court said. This remand to the trial court is not giving a claimant a second bite of the apple, or a trial *de novo*. Evidence was offered before the hearing officer as to the claimant's alcoholism. That evidence was neither considered nor referred to in the findings of fact and conclusions of law. Neither the board of review nor the trial court, sitting as an appellate court, could have found that the decision was lawful and reasonable, absent said evidence. The hearing officer has a responsibility and a duty to consider this evidence and to rule upon it in order for the appellate process to work, and that is the essence of this opinion and decision.

Therefore, the request for oral argument on the application is denied and the

application for reconsideration is overruled.

*Application for reconsideration overruled.*

O'NEILL, P.J., and DONOFRIO, J., concur.